UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12013-RWZ

RICHARD NUNES

v.

UMASS CORRECTIONAL HEALTH, *et al.*

ORDER
May 16, 2011

ZOBEL, D.J.

      Plaintiff, Richard Nunes, an inmate in the custody of the Massachusetts Department of Corrections ("DOC"), has HIV and requires twice daily medication. For years DOC supplied inmates like plaintiff with a multi-day quantity of such medications, to be kept in their cells and refilled as needed. This program, known as KOP for "Keep on Person," was discontinued as of February 1, 2009. As a result plaintiff has to go to the Health Services Unit twice a day, stand in line and wait to receive the required medicines. There appears to be no dispute that plaintiff suffers from chronic back and leg problems which, he says, often prevent him from going to the infirmary and make standing in line impossible. He is also afflicted with chronic and frequent diarrhea which effectively keeps him bound to his cell. The parties agree that it is important for HIV patients to adhere strictly to the prescribed regimen for the drugs to be effective and that plaintiff, under KOP, did so. Because of his difficulties obtaining the drugs under the new protocol, plaintiff has ceased taking the medications with adverse effects

on his health. He brought this action for relief based on claims that the policy violates his rights under the Eighth Amendment, the Americans With Disabilities Act ("ADA") and the Rehabilitation Act. The matter is before me on plaintiff's motion for a preliminary injunction against enforcement of the new protocol and an order to permit him to receive the HIV medicines in accordance with KOP rules (Docket # 27).

At the hearing on the motion, defendants argued that plaintiff had failed to comply with the statutes in that he had never formally requested an accommodation. The court ordered plaintiff to file an ADA Accommodation Request and defendants to respond within two weeks thereafter. Both parties complied. Defendants proposed accommodating plaintiff by providing him with a rolling walker for the times he is not feeling well, allowing him to leave the line and wait for his turn seated on a nearby bench, and use the bathroom when in need without losing his place in the line. Plaintiff finds the proposed accommodation wanting. He is concerned that his leaving the line without losing his place will cause confrontations with other prisoners not so privileged and that the use of the public bathroom in the Health Services Unit carries the risk of contagion. Finally, he points out that there are days when he is simply too sick to get out of bed and, even with a rolling walker, go to the infirmary to get his daily medications, let alone do so twice on such days.

At this preliminary stage and on the current record, I cannot say that the proposed accommodation is inadequate except in one respect. The record supports plaintiff's assertion that there are a number of days every month when he is absolutely unable to get out of bed or be any distance from a bathroom. Defendants' plan does

not address these inevitable contingencies by including a mechanism to provide the medications on those days.  Unless defendants by June 3, 2011, amend the accommodation to include a plan for addressing these contingencies, the preliminary injunction will issue.  If the accommodation satisfactorily addresses these issues, the motion for injunctive relief will be denied.


|                May 16, 2011                | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |